Judge Underwood,
delivered the opinion of the court.
This was an action of ejectment, in which the plaintiff declared on a joint and several demise from Riley and Burgen. There was no evidence on the trial that Burgen had any title. A recovery was sought upon the title of Riley, made out as follows: In 1816, Isaac Burgen and others executed a deed purporting to convey two hundred acres of land more or less to Charles Burgen, who entered on the land thereafter and was actually possessed for some time. In August, 1826, the sheriff of Madison, in virtue of sundry judgments and executions against said Charles Burgen, sold said land when Riley became the purchaser, to whom the sheriff passed a deed. Before the executions issued in virtue of which the' land was sold, M. Million entered into the posesión of the land in contest, under an execu-tory contract, made with Charles Burgen for the purchase thereof and so continued in possession up to the time of the sale made by the sheriff. Why, T. Million was entered as a defendant, instead of M. Million, does not satisfactorily appear; nor can the merits of the controversy be effected thereby.
Possession of land is evidence of title against an jntruder 55’jthout title.
One. who en?, tjevs as tenant, or claims un-' der an eccecur tmy contract of purchase, is qstopped to deny the title-of him under -^hom he enters.
Too questions are presented:
1st. Is the plaintiff entitled to recover without showing that Charles Burgen had title?
2d, Are lands possessed by a vendee under an execu-tory contract, subject to sale by an officer in virtue of executions against the vendor? .
In relation to the first question; it was decided by this.court, in the case of Campbell vs. Roberts, &c. III Marsh. 623, that “possession is always evidence of title, It may be explained away by extraneous evidence, but i.n the absence of all other evidence, the fact of the plaintiff in ejectment having been once possessed of the land will be sufficient, prima facie, to authorize a recovery against an intruder on that possession.” This doctrine was applied in behalf of Roberts-, who like Riley, claimed title derived by the deed of the sheriff from Porter, whose land, was sold in virtue of a judgment and execution, while Porter was. living on the land. Porter’s possession wa.s the only evidence of title in the. case. Whether Charles Bur-, gen was actually living o.n the land at the time it was sold, is not certain. The record does not state that he was not; but we do not regard that a? a very material circumstance, as it is shown thathe was once possessed under the deed from Laac Burgen, &c. to him; and there is no evidence which will justify the inference that he ever abandoned his claim, if the action in the present case, was against Charles Burgen, instead of Million, the evidence of title in behalf of Riley the lessor, would be prima facie sufficient to sustain and authorize a recovery, without exhibiting a title regularly derived from the commonwealth.
There was no evidence showing that the title was in any other than Charles Burgen. As then the evidence would have justified and even required a recovery against him; the next inquiry which presents itself is, thqt embraced by the second question.
The principle is well settled, that when one enters on, land as tenant to or as claimant under an executory contract made with another, that the person so entering is estopped to deny the title of. him, under whom he enters. Among the numerous adjudged cases on this subject; that of McConnell, &c. vs. Bowdry’s heirs, &c. *397 IV Mon. 400, is in point, as to tenants and that of Winlock vs. Hardy, IV Litt. Rep. 274, fully recognizes the doctrine as applicable to executory contracts and takes the distinction between executory and exe----cuted contracts. Under these authorities it is perfectly clear that Million could not resist an action of ejectment instituted by Charles Bergen. If the land was not in virtue of the executory contract, exempt from levy and sale, by the execution against Bergen and if by that sale, Bergen’s title was transferred to ltiley, he woqld occupy the attitude of Bergen in respect to his tenant, and quasi tenants. There can be no difference in Riley’s situation, as the purchaser under the judgment • and execution against Bergen, if the executory contract with Million lias no preventive efficacy, and his sitúation as the vendee of Bergen, holding an executed conveyance, unless it had been shown that Bergen had no title. As such vendee, he would be placed in Bergen’s shoes and might rely on the same estoppels which Bergen could, in resjiect to those who entered under him. Where, by operation of law, Riley is put in the place of Bergen, the same consequences must result. If the land then was liable to levy and sale, Riley should, upon the evidence exhibited by the record, have recovered at least as to part. Was it so liable? The statute subjects to the payment of debts, all “lands, tenements and hereditaments in possession, reverson or remainder,” belonging to the debtor; I Dig. 513. The estate in the land must be a legal one and not an equitable one. This has been the settled law, since the decision of the case of Thomas vs. Marshall, Har. Rep. 19. The inference to be drawn from Bergen’s possession, is, that he had a legal title, nothing appearing to counteract such an inference. The possession of a tenant or quasi tenant as the holder undor an executory contract, is the possession of the landlord or vendee. The land was therefore, legally in the possession of Bergen, under a Jegal title, (for such is the presumption) and consequently subject to the levy and sale under the statute. The title, in virtue of the sheriffs deed, passed to Riley go far as Bergen had it, giving to Riley the same rights at law which Bergen had. It follows, that the plaintiff on the demise of Riley ought to have succeeded. The court erred therefore, in not granting a new trial. A Court of Chancery may protect those claiming under *398 executory contracts in many cases where the land's claimed have been sold under judgments and executions. Whether Million is entitled to any such protection in this case, would be premature now to determine..
Vendee of land under an-, tract ^ma00 re-^on’same r° estoppels, asainstten- _ tenants of vendor, haverelied on. Purchaser un-execution sam'e estoppels against tenants aad fondant in the execution, which ¿le fen-m¡ghthave relied on. Possession of the possession oftheland-lor(lor vendor,
Land in possession of contract rf purchase, is sukieot t0 sal° cution against vendor, tho> yendoe in some cases,.
Turner, for appellants.
The foregoing view of the case, shows that the instruction given to the jury was incorrect. It cannot be material, whether Charles Bergen entered and claimed the land in contest under the deed from Bergen’s heirs or not. No matter who he claimed under, if he was possessed of the land, his possession was evidence of title; and it does not follow as the court instructed, that the jury should find for the defendants unless Charles Bur-gen entered claiming the land under the deed from Bur-gin’s heirs.
The judgment is reversed, and the cause remanded, for a new trial consistent with this opinion. The appellants must recover costs.